NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0322n.06

No. 09-5209

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**May 27, 2010**
LEONARD GREEN, Clerk

TONY CROWDER,                                                )
                                               )
    Petitioner-Appellant,                             )
                                               )
v.                                                          )  ON APPEAL FROM THE UNITED
                                               )  STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA,                      )  THE EASTERN DISTRICT OF
                                             )  TENNESSEE
    Respondent-Appellee.                            )
                                               )
                                               )

Before:  MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Tony Crowder appeals his 235-month sentence for being a felon in possession of a firearm.  We affirm.

I.

On September 29, 2001, Crowder and his brother had a physical confrontation.  Crowder's brother kicked down the door to Crowder's house, then punched Crowder in the head.  In response, Crowder grabbed a rifle from his bedroom closet and shot his brother in the foot.

Based on Crowder's possession of the rifle, the government charged him with being a felon in possession of a firearm.  A jury convicted him after a one-day trial.  The district court calculated Crowder's Guidelines range to be 262 to 327 months, based in part on an enhancement for possessing the firearm "in connection with . . . a crime of violence[.]"  U.S.S.G. § 4B1.4(b)(3)(A).  The court sentenced Crowder to 262 months' imprisonment.

Crowder appealed, arguing that the enhancement was improper because there was no crime of violence—he shot his brother in self-defense, he said. We concluded that the district court had not made a specific factual finding about the circumstances of the shooting, and thus that it was unclear whether the enhancement was appropriate. We remanded for the district court to make a finding on the factual issue and resentence Crowder accordingly. *See United States v. Crowder*, No. 06-5542 (6th Cir. May 25, 2007).

On remand, the district court found that Crowder had indeed acted in self-defense. The court therefore eliminated the enhancement and re-calculated Crowder's Guidelines range as 235 to 293 months. The court then sentenced Crowder to 235 months' imprisonment.

This appeal followed.

## II.

Crowder now raises two additional sentencing arguments. "We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error." *United States v. Deitz*, 577 F.3d 672, 698 (6th Cir. 2009).

First, Crowder challenges the court's calculation of his Guidelines range. Specifically, he asserts that the court improperly enhanced his criminal-history category from IV to VI based on U.S.S.G. § 4B1.4(c)(2). That provision—just like the one in Crowder's prior appeal—applies only if the defendant possessed a firearm in connection with a crime of violence. But this time the provision had no effect on Crowder's Guidelines range. His prior convictions placed him in criminal-history category VI regardless of whether he possessed the firearm in connection with a

crime of violence. *See* U.S.S.G. § 4B1.4(c)(1). Thus, the district court properly calculated his

Guidelines range.

Second, Crowder asserts that he should have received a downward departure under U.S.S.G.

§ 5K2.10, which allows the court to reduce a sentence if "the victim's wrongful conduct contributed

significantly to provoking the offense behavior[.]" We have previously held that the "decision to

deny a downward departure is unreviewable unless the lower court incorrectly believed that it lacked

authority to grant such a departure." *United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008).

Here, the district court expressly recognized its authority to grant a departure, but did not think

Crowder deserved one. *See* Snt'g Tr. at 16 ("[T]o the extent defendant . . . is suggesting the granting

of a variance or a downward departure, the court . . . does not believe such a variance is warranted").

Thus, Crowder's argument is unreviewable.

Crowder also raises a number of issues in a *pro se* brief that he filed before we appointed an

attorney for him. He is now represented by counsel, so we will not review the issues in his *pro se*

submission. *See United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009).

The district court's judgment is affirmed.